## MEIERS-POST v SCHAFER

Docket No. 96222. Submitted December 7, 1987, at Lansing. Decided July 19, 1988.

Jan M. Meiers-Post brought an action in the Shiawassee Circuit Court against Robert Schafer alleging damages resulting from a sexual relationship defendant had with plaintiff while plaintiff was a high school student and defendant a teacher. Defendant admitted in a deposition to having sexual intercourse with plaintiff at various times prior to her graduation in 1974. The complaint was filed in 1986, twelve years after the last act of sexual intercourse was alleged to have occurred. Defendant moved for summary disposition and the trial court, Gerald D. Lostracco, J., granted the motion concluding that plaintiff's complaint was barred by the statute of limitations. Plaintiff appealed alleging that the period of limitation was tolled during the period following the illicit sexual relationship because she was repressing the memory of the event and that, after the memory was revived when she viewed a television program on the subject in July, 1986, she initiated suit within a month.

The Court of Appeals *held:*

1. There is objectively manifested injury since defendant admitted to having had a sexual relationship with plaintiff while she was a high school student.

2. The statute of limitations can be tolled under the insanity clause, MCL 600.5851; MSA 27A.5851, if plaintiff can make out a case that she repressed the memory of the facts upon which her claim is predicated, such that she could not have been aware of rights she was otherwise bound to know and there is corroboration for plaintiff's testimony that the sexual assault occurred.

Reversed and remanded.

Danhof, C.J., concurred in the result only.

### References

Am Jur 2d, Limitation of Actions §§ 138 *et seq.,* 182 *et seq.,* 186 *et seq.*

Time of existence of mental incompetency which will prevent or suspend running of statute of limitations. 41 ALR2d 726.

1. LIMITATION OF ACTIONS — MINORS — PSYCHOLOGICAL REPRESSION OF MEMORY — CORROBORATION.

    The period of limitation is tolled on the basis of insanity where the child victim of an illicit sexual relationship psychologically represses the memory of the events such that she could not have been aware of rights she was otherwise bound to know and where, after the memory is revived, there is corroboration that the alleged events actually occurred (MCL 600.5851, subds [1] and [2]; MSA 27A.5851, subds [1] and [2]).

2. LIMITATION OF ACTIONS — INJURIES TO PERSON — MINORS.

    The period of limitation on the claim of a child victim for injuries to his person does not normally begin to run until the child reaches the age of eighteen (MCL 600.5851[1]; MSA 27A.5851[1]).

3. LIMITATION OF ACTIONS — INSANITY — REMOVAL OF DISABILITY.

    A person who is insane at the time his claim accrues has one year after the disability is removed to bring his action although the applicable period of limitation has run; "insane" is defined for such purposes as a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know; whether such person is "insane" is a jury question unless it is incontrovertibly established either that the plaintiff did not suffer from insanity at the time the claim accrued or that he recovered from any such disability more than one year before he commenced his action (MCL 600.5851, subds [1] and [2]; MSA 27A.5851, subds [1] and [2]).

*Clark Shanahan,* for plaintiff.

*Donald A. Peters,* for defendant.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

SHEPHERD, J. Plaintiff appeals from the summary disposition of her complaint which alleged damages resulting from a sexual relationship defendant had with plaintiff from approximately 1970 to 1974 while plaintiff was a high school student and defendant a teacher. The trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

concluded that plaintiff's complaint was barred by the statute of limitations. We reverse. We hold that the period of limitation is tolled where the child victim of an illicit sexual relationship psychologically represses the memory of the events and where, after the memory is revived, there is corroboration that the alleged events actually occurred. We do not decide whether a less restrictive rule is justified since the facts presently before us do not necessitate an examination of that issue.

In his deposition, defendant admitted to having sexual intercourse with plaintiff, at various times, between the end of her sophomore year in high school, 1972, and her graduation in 1974. According to defendant, plaintiff began coming to the home of defendant and his then wife to help his wife correct school papers. His wife, too, was a teacher. Thereafter, defendant invited plaintiff to help him in correcting papers and a sexual relationship developed.

Plaintiff filed a complaint on August 28, 1986. In her response to the motion for summary disposition, plaintiff submitted the affidavit of Dr. David Ihilevich, Ph.D., a letter of a Dr. Allan J. Enelow, M.D., and a letter of Joan Brazelton, M.S.W., who interviewed plaintiff. They provided the following record. Dr. Ihilevich's affidavit states:

> 2. I have been requested to give an opinion in the following situation: Can a 30 year old professional female, otherwise normal, repress the recollection of a childhood seduction by a male teacher, to the extent that she is not able to pursue her legal remedies for a period of ten years and more following her majority?
> 3. The answer is that such a phenomena is possible based upon a defensive mental process known as repression. Our studies have show [sic] that this process functions independently of educa-

tion or intelligence as measured by various standard tests.

Dr. Enelow's letter states:

Without actually examining Ms. Post myself, and based on your account of the statements of Ms. Post and the psychiatric records that I reviewed, I find it medically probable that Ms. Post had to repress the painful experience of the guilt-laden sexual relations with her high school teacher and thus was not able to allow the memories to fully enter consciousness or to take any action about it.

* * *

She could not have realized that she had a cause of action against her teacher because of the combination of internal psychological factors and the relationship of the high authority teacher to her self-concept of a low status person who must accede to authority. Thus, it is quite understandable that when she witnessed the television program about the sexual exploitation of students by a teacher, the entire episode that had previously been largely repressed came into consciousness and she became aware of all of its implications for the first time.

The letter of Ms. Brazelton, plaintiff's therapist, states:

I am writing this letter to clarify the diagnosis of our mutual client Mrs. Jan Post. Mrs. Post was seen for an initial intake appointment on July 21, 1986. She reported that two weeks prior she had viewed a television program about a teacher sexually abusing his students. She stated that at the age of 15 she too had been sexually abused by her math teacher. Since viewing the program she was distressed with symptoms of nightmares, sleep disturbance, depression, anxiety, and feelings of guilt. She further stated that she was wanting to

be alone and was no longer interested in significant activities. I observed her constricted affect and problems with concentration.

\*    \*    \*

At that time and presently her symptoms support the diagnostic criteria for Post-traumatic Stress Disorder.

\*    \*    \*

The Post-traumatic feature of the diagnosis is typical of persons who do not have the emotional resources to process the trauma hence deny its existence. Activities or situations that may arouse recollections of the traumatic event are avoided perhaps for years. It is not uncommon that symptoms become intensified when the individual is exposed to a situation that resembles the original trauma (i.e. the television show Mrs. Post viewed on sexual abuse). It is not unusual for the symptoms to emerge after a latency period of months or years following the trauma.

After a hearing on defendant's motion for summary disposition based on the statute of limitations, the trial court dismissed plaintiff's case.

The limitation period for actions for injuries to a person is three years. MCL 600.5805(8); MSA 27A.5805(8). The issue before us is whether plaintiff's claim was barred under Michigan law. Normally, the period of limitation on the claim of a child victim does not begin to run until the child reaches the age of eighteen. MCL 600.5851(1); MSA 27A.5851(1). That section also provides that if a person is insane at the time her claim accrues, she has one year after the disability is removed to bring the action although the applicable period of limitation has run. MCL 600.5851(2); MSA 27A.5851(2) defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is

otherwise bound to know." Whether a person is insane for purposes of the above provision is a jury question unless it is incontrovertibly established either that the plaintiff did not suffer from insanity at the time the claim accrued or that she had recovered from any such disability more than one year before she commenced her action. See *Makarow v Volkswagen of America, Inc,* 157 Mich App 401, 407; 403 NW2d 563 (1987).

There are no Michigan cases on point; that is, there are no Michigan cases which consider whether the psychological phenomena known as repression and posttraumatic syndrome can constitute insanity for tolling purposes. As it applies to the tolling statutes, we see three possible factual postures in this case. (1) Plaintiff had repressed all memory of the events of the sexual encounters with defendant and hence was unaware of any possible cause of action resulting from the events. Memories of these events were triggered by the television show and plaintiff immediately sought psychotherapy and, now, legal recourse. (2) The events remained in the backwater of plaintiff's consciousness and plaintiff suffered ongoing psychological difficulties with resulting manifestations in her everyday life. The television show, however, awakened in plaintiff the significance of the events in her high school years and the causal connection between those events and her current psychological problems and she now seeks legal recourse. (3) Finally, plaintiff consciously thought and knew of the acts engaged in by her and defendant but suffered no symptoms. However, the television show triggered a psychological reaction which has resulted in the onset of a series of debilitating symptoms. The pertinent written evidence, the letter and affidavit of the two doctors and the letter of plaintiff's therapist, are ambiguous and

the complaint gives no clue as to which theory plaintiff proceeds under.

Although there are no Michigan cases on point, two courts in other jurisdictions have ruled in similar situations. In *DeRose v Carswell,* 196 Cal App 3d 1011; 242 Cal Rptr 368 (1987), plaintiff complained that she was sexually abused by her step-grandfather between the ages of four and eleven (1966 to 1973). Specifically, plaintiff alleged that she did not immediately discover her injuries and their causes "due to the nature of the acts of the defendant, and the psychological mechanisms experienced by [plaintiff] to deny, repress and dissociate herself from the underlying events, or to seek therapeutic intervention until within the last six months." 242 Cal Rptr 370. In order to defeat the statute of limitations defense, the plaintiff in *DeRose* invoked the delayed-discovery rule alleging she did not appreciate "the causal relationship" between the assaults and emotional injuries she suffered. She claimed that her inability until recently to understand what caused the emotional injuries constituted "insanity." Plaintiff did not claim that she had forgotten the events or repressed the memory of the actual assaults, but, rather, she claimed that she was unable to appreciate the "causal relationship" between the assaults and her emotional injuries.

The California appellate court ruled in favor of defendant on the statute of limitations issue. The court refused to apply the delayed-discovery rule because plaintiff could not affirmatively show that she could satisfy the minimum conditions necessary to the application of that rule. The court held that the doctrine applies only when a plaintiff has not discovered all of the facts essential to the cause of action. Since plaintiff admitted that she knew of the factual elements of her cause of action

long before, the delayed-discovery rule could not be applied.

In *Tyson v Tyson,* 107 Wash 2d 72; 727 P2d 226 (1986), the Washington Supreme Court decided the issue whether the delayed-discovery rule could toll the statute of limitations where the victim of child sexual abuse had blocked the incidents from her conscious memory during the entire time of the running of the period of limitation. In *Tyson,* plaintiff claimed she was a victim of her father's sexual abuse between 1960 and 1969, from the time she was three until she was eleven years old. Plaintiff alleged that the sexual assaults caused her to suppress any memory of the acts and she did not remember the acts until entering psychotherapy in 1983. She filed a complaint within one year of initiating psychotherapy. She claimed to have repressed the memory of the events entirely.

Relying heavily on the policy considerations underlying the statute of limitations, the Washington Supreme Court, in a five to four decision, concluded that the delayed-discovery rule "should be adopted only when the risk of stale claims is outweighed by the unfairness of precluding justified causes of action." 107 Wash 2d 76. The Washington court held that the rule should be adopted only where there is objective manifestation of injury. Since there was no such evidence in the case, the court refused to apply the delayed-discovery rule.

Four members of the Washington Supreme Court dissented. The dissenters rejected the conclusion that objective, verifiable evidence was a prerequisite to the application of the delayed-discovery rule. Concluding that the trier of fact determines whether a plaintiff has discovered his or her cause of action within a reasonable time, the dissent argued that the evidentiary problems

which a plaintiff may encounter in convincing the trier of fact of the reasonableness of her late discovery were not the court's concern. The dissent would hold "the discovery rule, which delays the accrual of a cause of action to the time when a plaintiff discovers or reasonably should have discovered all elements of that cause of action, is applicable to complaints alleging negligence and intentional torts by adult survivors of childhood sexual abuse where the trier of fact finds that the plaintiff has repressed all conscious memory of such abuse during the entire period of the statute of limitations." 107 Wash 2d 90.

The issue which so troubled the Washington Supreme Court majority is not present in the instant case. The defendant here, in his deposition, admits to having had a sexual relationship with plaintiff while she was a high school student. Therefore, there is objectively manifested injury. We do not interpret that term to mean clearly visible physical injury since such evidence is unlikely to be present years after the events. We believe the Washington and California courts were concerned with cases where long after an alleged assault an adult testifies without corroboration to early childhood memories that were allegedly repressed for many years. In the instant case, the defendant's admissions cure all such concerns. Whether a rule as broad as that advocated by the Washington dissenting opinion should be adopted need not be addressed in this case.

The rule we derive from the California and Washington cases, see also *Raymond v Ingram,* 47 Wash App 781; 737 P2d 314 (1987) (following the *Tyson* majority), is that the statute of limitations can be tolled under the insanity clause if (a) plaintiff can make out a case that she has repressed the memory of the facts upon which her

claim is predicated, such that she could not have been aware of rights she was otherwise bound to know, and (b) there is corroboration for plaintiff's testimony that the sexual assault occurred. We believe the rule is sound. It strikes a fair balance between the risk of stale claims and the unfairness of precluding justifiable causes of action.

We cannot with certainty determine whether this case fits within the narrow limits of the rule we have just announced given the ambiguity of both the complaint and the written opinions plaintiff relies on in opposing the summary disposition motion. Specifically, the expert opinion is not based on a clinical evaluation of this plaintiff that concludes that she repressed the memory of the facts upon which her claim is based. The trial court did not clearly address this issue, but given the state of the law, the trial judge cannot be faulted.

We reverse the trial court's dismissal of plaintiff's cause of action and remand for further proceedings. Any further motions and answers should be fully supported by additional legal and psychiatric authority. We emphasize that the narrow rule stated herein constitutes the minimum threshold that any appellate court has allowed. Although the facts of this case appear to fall within these narrow limits, we believe further factual development is needed in light of the principles stated in this opinion. Whether a cause of action that extends these boundaries can survive summary disposition will have to await another day.

Reversed and remanded.

C. L. BOSMAN, J., concurred.

DANHOF, C.J., concurred in the result only.