**Suzanne NICOLETTE, Plaintiff,**

v.

**Joseph CAREY, Defendant.**

**No. 1:90–CV–159.**

United States District Court, W.D. Michigan, S.D.

Nov. 19, 1990.

William W. Jack, Jr., Smith, Haughey, Rice & Roegge, P.C., Grand Rapids, Mich., for plaintiff.

Daniel R. Fagan, Bruggink & Valentine, Grand Rapids, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff, Suzanne Nicolette, a Michigan resident, brought the present six-count diversity action against her father, Joseph Carey, a resident of Iowa. Plaintiff presents claims for negligence, willful and wanton misconduct, intentional acts and conduct, intentional infliction of emotional distress, and assault and battery arising out of her father's alleged sexual abuse of her as a child. Plaintiff asserts that from the time she was approximately three years old until she was at least thirteen years of age, beginning in 1962 and continuing through at least 1972, defendant sexually abused her. As a result she contends that she has suffered and continues to suffer

severe emotional trauma and depression. Presently pending before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b).

### I.

■ Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, by viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted).

■ The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Potters Medical Center v. City Hospital Association*, 800 F.2d 568, 572 (6th Cir.1986). Once the moving party has met its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

### II.

■■ Defendant's motion for summary judgment is based on the alleged running of the statute of limitations applicable to plaintiff's claims. He argues that under the relevant tolling provisions of the statute of limitations, plaintiff's claims are time barred. As a preliminary matter, the Court notes that the Michigan limitations period and tolling provisions apply. A federal court in diversity must apply the substantive laws of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This includes the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *General Motors Corp. v. National Auto Radiator Manufacturing Co.*, 694 F.2d 1050, 1052 (6th Cir.1982). In the present case, plaintiff is a Michigan resident and the alleged cause of action accrued in Iowa. Under Michigan choice of law rules, the Michigan statute of limitations applies to causes of action accruing in another state, where suit is brought in Michigan and the plaintiff is a Michigan resident. Mich.Comp.Laws § 600.5861; *see DeVito v. Blenc*, 47 Mich. App. 524, 209 N.W.2d 728 (1973).

■ Michigan provides a three-year limitation period for personal injury actions. Mich.Comp.Laws § 600.5851 (Mich. Stat.Ann. § 27A.5851). This limitation period was applied to a complaint alleging childhood sexual abuse in *Meiers–Post v. Schafer*, 170 Mich.App. 174, 427 N.W.2d 606 (1988). Michigan also recognizes that a cause of action for sexual abuse may be tolled by a plaintiff's "disability" and Michigan Compiled Law Section 600.5851 recognizes "insanity" as a disability that tolls the limitations period. This section provides that a plaintiff's cause of action will not be time barred by the statute of limitations until "one year after the disability is removed." Insanity is defined as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know." Mich.Comp.Laws § 600.5851. In the present case, plaintiff alleges that she was disabled from bringing the complaint due to her repression, disassociation and severe depression.

In *Meiers–Post*, the Michigan Appellate Court applied Section 600.5851 to an adult

plaintiff who had psychologically repressed the memory of childhood sexual abuse. Her memory was allegedly restored less than one year before she filed suit. The court relied on precedents from California and Washington in determining that plaintiff's cause of action was tolled for roughly twelve years by her disability. The court concluded:

> The rule we derive from the California and Washington cases is that the statute of limitations can be tolled under the insanity clause if (a) plaintiff can make out a case that she has repressed the memory of the facts upon which her claim is predicated, such that she could not have been aware of rights she was otherwise bound to know, and (b) there is corroboration for plaintiff's testimony that the sexual assault occurred. We believe the rule is sound. It strikes a fair balance between the risk of stale claims and the unfairness of precluding justifiable causes of action.

*Meiers–Post*, 427 N.W.2d at 610 (citation omitted).

### III.

■ Defendant asserts that the present action is time barred even if the tolling provision applied in *Meiers–Post* is applicable here. He contends that, "The Plaintiff has had a vivid recollection of the alleged sexual misconduct of the Defendant since at least 1987." Defendant's Brief in Support of Motion for Summary Judgment ("Defendant's Brief") at 2. Because plaintiff filed this lawsuit more than one year after regaining a "vivid recollection of the alleged sexual misconduct" (i.e., suit was filed on February 20, 1990), defendant maintains she is outside the protection of Section 600.5851's one year tolling provision. Defendant relies on a letter written by plaintiff and dated March 26, 1987, wherein she confronts defendant with an alleged incident of sexual abuse. Since plaintiff knew of the abuse in March of 1987, defendant's conclusion is that she was required to file suit by March 1988 at the latest.

Plaintiff answers that although she was aware of one incident of alleged abuse as early as March 1987, more recently she has become aware of further incidents of abuse. It is asserted that her recovery from the disability did not begin until March or April of 1989 and that she has remembered additional acts of sexual abuse as late as February 9, 1990.

Plaintiff claims to have suffered from Post Traumatic Stress Disorder ("PTSD") throughout her adulthood. As a result she has not been able to bring to consciousness much of the sexual abuse that occurred in her childhood, although she was aware of at least one incident of abuse as early as March 1987. In support of her contention that she has repressed the memory of the facts upon which her claim is predicated, she offers the affidavit of Terry Rosander, a certified social worker who is working toward her doctorate degree in social work. Rosander states that she has counseled plaintiff since July 1986. At that time plaintiff was suffering from acute anxiety and associated depression. Plaintiff acknowledged and discussed one incident of sexual abuse but allegedly was unaware of other incidents of abuse that she now claims occurred during her childhood. According to Rosander, plaintiff gradually became aware of these further acts of abuse in the spring of 1989. By way of explaining plaintiff's inability to recall the sexual abuse previously, Rosander states:

> 6. Because of the trauma created by the defendant's acts, plaintiff, Suzanne Nicolette, repressed and disassociated, from the time the incidents occurred, most of the child sexual abuse committed by her father.
>
> Repression occurs when a person puts into their unconscious mind any memory that is too painful to think about. A person represses what they do not want to deal with. During the time the incidents of sexual abuse were repressed, they were not in plaintiff's consciousness, and therefore plaintiff was unaware of most of the sexual acts that had been committed upon her.
>
> Disassociation is an extension of repression—it is repression magnified. Disassociation occurs when an event is

so traumatic that, although a person is physically there at the time the event occurs, they enter into an altered state of consciousness in an effort to avoid the event. The trauma event itself is experienced in an altered state of consciousness. When an event has been disassociated, a person represses it not because they do not want to remember it, because **they cannot remember it. They are unable to bring it to their conscious mind at will....**

One level of disassociation is called PTSD (Post Traumatic Stress Disorder). At this level, the time period itself is not disassociated—only the memories of the specific events. A person at this level blocks the traumatic event itself, but not the period of time in which it occurred. This level of disassociation is reached by a series of chronic events. Normally, severe, recurring and sustained trauma brings about this level. **Suzanne Nicolette has suffered from PTSD during her adulthood, and still has not been able to bring to consciousness much of the sexual abuse that occurred in her childhood.**

Plaintiff's Exhibit No. 2, at 3–5 (emphasis in original).

In further support of her claim that she was unable to bring her claim previously, plaintiff offers the affidavits of Tariq Faridi, a psychiatrist who treated her in 1988 and 1989, and Dan Ehnis, a psychological counselor who treated her regularly from 1981 through 1984 and infrequently from 1984 to 1986. Faridi and Ehnis agree that during the period they were seeing plaintiff she was extremely depressed. Ehnis avers that during the period he was counseling plaintiff she was psychologically incapable of bringing a claim against her father due to the fact that "she was severely depressed, very anxious, unable to cope effectively with the daily routines of life, and [she] was not emotionally stable." Plaintiff's Exhibit No. 4, at 2. Ehnis further states that plaintiff never discussed childhood sexual abuse during their counseling sessions.

Based on all the pleadings and exhibits submitted to the Court and viewing the evidence in the light most favorable to plaintiff, the Court is satisfied that plaintiff can make a claim that she has repressed the memory of the alleged abuse. The tolling section relied on by plaintiff and applied in *Meiers–Post* controls. Despite plaintiff's earlier recollection of one incident of alleged abuse, the present cause of action was tolled until she filed suit. Section 600.5851's tolling provision states:

(5) All of the disabilities of infancy, insanity, and imprisonment which disable the person to whom the claim first accrues shall be recognized. That is, the year of grace provided in this section shall be counted from the *termination of the last disability* to the person to whom the claim originally accrued which has continued from the time the claim accrued, whether this disability terminates because of the death of the person disabled or for some other reason.

Mic.Comp.Laws § 600.5851(5) (emphasis added). Under this provision, even if plaintiff was capable of remembering one incident of abuse more than a year prior to filing suit, the continued repression of further incidents within the tolling period saves her cause of action from lapsing. Plaintiff has asserted and presented testimony to the effect that notwithstanding her memory of one incident of sexual abuse in 1987, she continued to suffer from PTSD until at least March 1989. Since then she has recalled several other episodes of sexual abuse. These recollections are within the one year tolling provision.

IV.

■ Although defendant has not raised the issue, the Court notes that the *Meiers–Post* rule requires that in addition to showing that she may have repressed the memory of the sexual assault, plaintiff must provide corroboration that the sexual assault occurred. If she fails to corroborate her claims, plaintiff's complaint cannot survive summary judgment. Here, plaintiff has submitted a letter addressed to plaintiff, signed by defendant and dated April 19, 1987, in which defendant discussed

three or four incidents of sexual contact he had with plaintiff when she was a child. Plaintiff's Exhibit No. 5, at 2. This is sufficient corroboration of the sexual abuse for plaintiff's complaint to survive summary judgment.

### V.

For the reasons stated above, defendant's motion for summary judgment is DENIED.