GUERRA v GARRATT

Docket No. 192105. Submitted February 5, 1997, at Lansing. Decided
    March 14, 1997, at 9:15 A.M.

   Julia Guerra brought an action in the Genesee Circuit Court on Octo-
    ber 31, 1994, against Cathy S. Garratt and Barbara E. Imber, alleg-
    ing assault and battery and negligent infliction of emotional dis-
    tress from sexual abuse of the plaintiff by the defendants between
    1974 and 1976, when the plaintiff was under sixteen years of age.
    The plaintiff alleged that her memory of the abuse stayed repressed
    until November 1993. The court, Duncan M. Beagle, J., relying on
    Lemmerman v Fealk, 449 Mich 56 (1995), granted summary dispo-
    sition for the defendants on the basis that the action was barred by
    the two-year statute of limitations for assault and battery, MCL
    600.5805(2); MSA 27A.5805(2), and the three-year statute of limita-
    tions for negligent infliction of emotional distress, MCL
    600.5805(8); MSA 27A.5805(8). The plaintiff appealed.

      The Court of Appeals held:

      1. As held in Lemmerman, neither the discovery rule nor the
    statutory grace period applicable to persons suffering from
    insanity, MCL 600.5851(1); MSA 27A.5851(1), extends the limitation
    period for bringing tort actions based on childhood sexual abuse
    allegedly delayed because of repression of memory. The Lem-
    merman Court did not provide an exception to its general holding
    for cases involving express and unequivocal admissions by the
    defendants of sexual contact with the plaintiffs such as the admis-
    sions made by defendant Garratt in this case.

      2. The trial court's application of Lemmerman to this case does
    not violate the Michigan Handicappers' Civil Rights Act, MCL
    37.1101 et seq.; MSA 3.550(101) et seq., or the Americans with Disa-
    bilities Act, 42 USC 12101 et seq., inasmuch as repressed memory is
    not a handicap within the meaning of the Michigan Handicappers'
    Civil Rights Act or a disability within the meaning of the Americans
    with Disabilities Act.

      Affirmed.

1. LIMITATION OF ACTIONS — TORTS — CHILDHOOD SEXUAL ABUSE — REPRESSED
    MEMORY.

Neither the discovery rule nor the statutory grace period applicable to persons suffering from insanity extends the limitation period for bringing tort actions based on childhood sexual abuse allegedly delayed because of repression of memory (MCL 600.5805[2],[8], 600.5851[1]; MSA 27A.5805[2],[8], 27A.5851[1]).

2. CIVIL RIGHTS — MICHIGAN HANDICAPPERS' CIVIL RIGHTS ACT — AMERICANS WITH DISABILITIES ACT — REPRESSED MEMORY.

Repressed memory is not a handicap under the Michigan Handicappers' Civil Rights Act or a disability under the Americans with Disabilities Act (MCL 37.1103[e][i][a]; MSA 3.550[103][e][i][a]; 42 USC 12102[2][A]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Patricia A. Stamler* and *Justin C. Ravitz*), for Julia Guerra.

*Barney R. Whitesman*, for Cathy S. Garratt.

*Neil C. Szabo*, for Barbara E. Imber.

Before: O'CONNELL, P.J., and MARKMAN and M. J. TALBOT*, JJ.

MARKMAN, J. Plaintiff appeals as of right orders granting defendants' motions for summary disposition on the basis of the expiration of the applicable statutes of limitation. We affirm.

Plaintiff was born on November 27, 1961. While attending elementary school in Michigan, she became acquainted with defendant Imber, who was her teacher and basketball coach, and defendant Garratt, who was Imber's housemate. Plaintiff and her family moved to Texas in 1974. In her complaint, she alleges that defendants visited her there and convinced her parents to allow plaintiff to live with them in order to complete her education in Michigan. She alleges that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

between 1974 and 1976, while she lived with defendants, they engaged in sexual contact with her including "French kissing," fondling of her breasts and genitalia, oral sex, and digital penetration.

Garratt admitted that she had slept in the same bed with plaintiff approximately fifteen times, that she had "French kissed" plaintiff at plaintiff's initiation on one occasion, and that she and plaintiff had touched each other's clothed breasts at plaintiff's initiation on five or six occasions. Imber did not remember sharing a bed with plaintiff, but admitted that it was possible.

Plaintiff filed the present complaint alleging assault and battery and negligent infliction of emotional distress on October 31, 1994, when she was thirty-two years old. She claimed to have no memory of the alleged abuse until November 1993. The period of limitation is two years for an assault and battery claim and three years for a negligent infliction of emotional distress claim. MCL 600.5805(2) and (8); MSA 27A.5805(2) and (8). In the absence of a device to extend the limitation periods, plaintiff's claims here are untimely and therefore barred.

Two devices that can extend a limitation period are the discovery rule and the statutory grace period for persons suffering insanity. Under the discovery rule, a plaintiff's claim accrues when the plaintiff discovers or should have discovered both an injury and the causal connection between the injury and the defendant's breach of duty to the plaintiff. *Lemmerman v Fealk*, 449 Mich 56, 66; 534 NW2d 695 (1995). MCL 600.5851(1); MSA 27A.5851(1) provides that if a plaintiff suffers from insanity at the time a claim accrues, the plaintiff will have one year after removal of the

disability of insanity to file an action regarding the claim.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) on the basis of the expiration of the applicable statutes of limitation. In supplemental briefs, defendants argued that plaintiff's allegations of "repressed memory" did not extend the statutes of limitation and that, in any event, plaintiff was aware of the asserted conduct at least as early as 1989 or 1990. Garrett provided an affidavit that stated: "In 1989 or 1990, plaintiff's former roommate, Diane Jones, asked me whether Julia Guerra's allegations, that I had sexually abused her as a child, were true."[1] The trial court granted defendants' motions for summary disposition on the basis of the holding of *Lemmerman, supra,* that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions delayed by alleged "repressed memory."

The main issue before us is whether plaintiff's allegations of "repressed memory" made summary disposition based on the expiration of the applicable statutes of limitation inappropriate.[2] This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *Stehlik v Johnson (On*

---

[1] In a deposition, Diane Jones testified that in 1989 or 1990, plaintiff cried and stated that plaintiff and defendant Garratt had "had a relationship." Jones also testified that she later "asked [Garratt] if she knew that what she did to Julie was considered statutory rape and that she could go to prison for that."

[2] Plaintiff contends that she suffered from "psychogenic amnesia" rather than "repressed memory." However, her explanation of the former makes it indistinguishable from the latter with respect to whether it constitutes a basis for applying the discovery rule or the statutory grace period for those suffering from insanity.

*Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

> When reviewing a motion for summary disposition under MCR 2.116(C)(7), a court must accept as true the plaintiff's well-pleaded factual allegations and construe them in the plaintiff's favor. The court must look to the pleadings, affidavits, or other documentary evidence to determine whether there is a genuine issue of material fact. If no facts are in dispute, and reasonable minds could not differ on the legal effect of those facts, whether the plaintiff's claim is barred by the statute of limitations is a question for the court as a matter of law. However, if a material factual dispute exists such that factual development could provide a basis for recovery, summary disposition is inappropriate. [*Baker v DEC Int'l*, 218 Mich App 249, 252-253; 553 NW2d 667 (1996) (citations omitted).]

In *Lemmerman, supra,* the Michigan Supreme Court carefully considered the interests underlying statutes of limitation to determine whether the discovery rule or the statutory grace period for persons suffering insanity should apply in tort cases where a plaintiff claimed that "repressed memory" delayed filing a complaint. It concluded at 76-77:

> We therefore hold that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions allegedly delayed because of repression of memory of the assaults underlying the claims. While the Legislature may ultimately resolve the threshold reliability question in favor of plaintiffs claiming repressed memories, neither device is presently available to extend the limitation period for repressed memory tort actions, even upon presentation of allegedly "objective and verifiable evidence" of a plaintiff's claim.

This holding forecloses application of these devices to extend the limitation period for plaintiff's claims here.

However, *Lemmerman*'s holding at 76-77 was immediately followed by footnote 15, which stated:

> We do not address the result of those repressed memory cases wherein long-delayed tort actions based on sexual assaults were allowed to survive summary disposition because of the defendants' admissions of sexual contact with the plaintiffs when they were minors. *Meiers-Post* [*v Schafer*, 170 Mich App 174; 427 NW2d 606 (1988)]; *Nicolette v Carey*, 751 F Supp 695 (WD Mich, 1990). Such express and unequivocal admissions take these cases outside the arena of stale, unverifiable claims with which we are concerned in the present cases. [449 Mich 77.]

Plaintiff contends that footnote 15 creates an exception to *Lemmerman*'s general holding. She argues that the discovery rule and the statutory grace period for persons suffering insanity apply to cases involving "express and unequivocal admissions." She claims that the present case involves such admissions and that the discovery rule and the statutory grace period accordingly apply here, making summary disposition of her complaint inappropriate.[3] However, the trial

---

[3] We note that even if plaintiff's interpretation of footnote 15 were correct, it would, at best, save her complaint from summary disposition only with respect to the incidents of sharing a bed with plaintiff, "French kissing," and breast touching to which Garratt admitted; Imber made no express and unequivocal admissions.

Further, we believe that a plaintiff would need to be aware of such "express and unequivocal admissions" before filing suit, i.e., a plaintiff would not be able to file suit on speculation that a defendant might provide such an admission in the course of discovery. Here, the only evidence of a prelitigation admission was testimony by plaintiff's therapist that Garratt generally acknowledged "inappropriate contact" at plaintiff's initiation but "couldn't remember specifics."

court held: "[W]ithout a doubt this footnote was made with reference to the retroactivity of the ruling . . . ."

Thus, we must determine whether footnote 15 carves out an exception to the general holding of *Lemmerman* or merely limits its retroactivity. By its terms, the subject of footnote 15 is "cases wherein long-delayed tort actions based on sexual assaults were allowed to survive summary disposition." This sentence indicates that the footnote addresses only the retroactivity of *Lemmerman*. However, the second sentence of footnote 15 offers a rationale for distinguishing those cases from *Lemmerman*: that cases involving clear admissions of abuse fall "outside the arena of stale, unverifiable claims."[4] Considered alone, this second sentence might reasonably be read to create an exception, with respect to cases involving "express and unequivocal admissions," to the general holding of *Lemmerman*. However, we do not apply single sentences of opinions out of context. The sentence at issue is part of a footnote. The *Lemmerman* Court repeatedly sets forth its general holding that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions delayed by alleged "repressed memory" without suggesting any exception thereto other than legislative action. *Lemmerman*, at 60, 65, 75, 76-77, 77, 79-80. At 75, the

---

[4] While an admission would make a claim of abuse verifiable, we do not understand how an admission would have any effect on the staleness of such a claim. More generally, we acknowledge that the *Lemmerman* Court would have more clearly communicated that footnote 15 related only to retroactivity by not including the second sentence. After stating in the first sentence that it would "not address" repressed memory cases that "previously" survived summary disposition, its attempt, in the second sentence, to distinguish such cases from the matter before it is admittedly confusing.

*Lemmerman* Court specifically states that the exis-
tence of corroborative evidence would not change its
general holding with respect to "repressed memory"
cases:

> We emphasize that our decision today does not in any
> way invite or signal affirmation of a claim supported by
> "objective and verifiable evidence," whatever that phrase
> might encompass, that would allow pursuit of plaintiffs'
> claims through application of the discovery rule or insanity
> grace period. If true, the defendant's conduct was reprehen-
> sible, and the absence of such facts makes neither a plain-
> tiff's injury nor a defendant's moral responsibility less genu-
> ine. We hold only that those devices, absent legislative
> action subsequent to this opinion, are not presently availa-
> ble for pursuit of repressed memory tort actions. The pres-
> ence of merely corroborative evidence does not adequately
> protect the interests addressed by the statutes of limitation
> or bring these cases within the zone of comfort occupied by
> those cases in which we have allowed the limitation period
> to be extended through either the discovery rule or insanity
> grace period.

In this context, if the Court intended to carve out an
exception to its general holding, we believe that it
would have done so in the text of the opinion, rather
than in a footnote. We accordingly conclude that foot-
note 15 addresses the retroactivity of *Lemmerman*
and does not articulate an exception to its general
holding that neither the discovery rule nor the statu-
tory grace period for persons suffering from insanity
extends the limitation period for tort actions delayed
by alleged "repressed memory." Therefore, the trial
court properly granted defendants' motions for sum-
mary disposition on the basis of *Lemmerman*.

Plaintiff also argues that the trial court's application
of *Lemmerman* here violates the Michigan Handicap-

pers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, by foreclosing the pursuit of legal action to a class of people—those suffering "repressed memory." The trial court was obligated, as we are, under principles of stare decisis to follow *Lemmerman*. Moreover, even if we assume that the HCRA and the ADA apply in the context of a trial court following binding precedent, plaintiff's claims would fail. Plaintiff's alleged handicap is "repressed memory." Memory or awareness of the events giving rise to a cause of action is a prerequisite to pursuing legal action. A party cannot file an action without being aware of some injury. Accordingly, "repressed memory" would not qualify as a "handicap" under the HCRA because it is not "unrelated to the individual's ability to utilize and benefit from a place of public accommodation or public service." MCL 37.1103(e)(i)(a); MSA 3.550(103)(e)(i)(a). Nor would it qualify as a "disability" under the ADA because it does not "substantially limit[] one or more of the major life activities of such individual." 42 USC 12102(2)(A). Therefore, plaintiff's claims under the HCRA and the ADA fail.

For these reasons, we affirm the trial court orders granting defendants' motions for summary disposition.

Affirmed. Defendants being the prevailing parties, they may tax costs pursuant to MCR 7.219.