DEMEYER v ARCHDIOCESE OF DETROIT (ON REMAND, ON
REHEARING)

Docket No. 189716. Submitted July 20, 1998, at Lansing. Decided January
19, 1999, at 9:00 A.M. Leave to appeal sought.

Declan Demeyer brought an action in 1993 in the Wayne Circuit Court
against the Archdiocese of Detroit, priest Gerald Shirilla, and
others, seeking damages on the basis of allegations that Shirilla
sexually assaulted him on numerous occasions from 1972 to 1981
while Demeyer was a minor. Demeyer asserted a claim of negli-
gence against the other defendants. Demeyer alleged that he
repressed the memory of the abuse until October 1992, when he
underwent counseling. The court, J. Phillip Jourdan, J., granted the
defendants' motion for summary disposition, finding the action
barred by the statute of limitations. The court relied on the holding
in *Lemmerman v Fealk*, 449 Mich 56 (1995), that neither the dis-
covery rule nor the statutory grace period for persons suffering
from insanity extends the limitation period for tort actions alleg-
edly delayed because of repression of memory of the assaults
underlying the claims. The plaintiff appealed. The Court of Appeals,
CORRIGAN, C. J., AND YOUNG, JR., AND T. G. HICKS, JJ., reversed the grant
of summary disposition for defendant Shirilla, affirmed the grant of
summary disposition for the remaining defendants, and remanded
the matter for further proceedings in an unpublished opinion per
curiam, issued February 28, 1997 (Docket No. 189716). The Court
ruled that defendant Shirilla's admissions of physical contact with
the plaintiff constitute express and unequivocal admissions of the
conduct charged in the complaint and removed this case from the
arena of stale and unverifiable claims reflected in the two
repressed-memory cases in *Lemmerman*. Therefore, the discovery
rule tolled the running of the period of limitation. The Supreme
Court, in lieu of granting leave to appeal, vacated the judgment of
the Court of Appeals and remanded the matter to the Court of
Appeals for consideration as on rehearing granted. 458 Mich 860
(1998). The Court ordered the Court of Appeals to consider the
case in light of *Guerra v Garratt*, 222 Mich App 285 (1997), stating
that if the Court of Appeals, after rehearing, sustains its earlier
interpretation of *Lemmerman*, the Court must remand the matter
to the circuit court for consideration of the nonperpetrating

defendants' claim of entitlement to summary disposition because of absence of knowledge or notice of Shirilla's behavior.

On remand, on rehearing, the Court of Appeals *held*:

1. The Court of Appeals held in *Guerra* that no admission-based exception existed to the general holding of *Lemmerman* that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions allegedly delayed because of repression of memory of the assaults underlying the claims. MCR 7.215(H)(1) requires that *Guerra* be followed; therefore, the grant of summary disposition for the nonperpetrating defendants on the basis of the statute of limitation must be affirmed. Were it not for the mandate of MCR 7.215(H)(1), the order granting summary disposition would be reversed and the matter would be remanded for consideration of those defendants' claim that they are entitled to summary disposition because they did not have knowledge or notice of Shirilla's behavior.

2. Shirilla's admission of improper contact with the plaintiff would be held to remove this case from the holding of *Lemmerman* if *Guerra* were not binding precedent under MCR 7.215(H)(1), and *Lemmerman* would be interpreted as also holding that repressed memory cases supported by admissions may fall outside the general holding of *Lemmerman*.

Affirmed.

SAWYER, J., concurring, stated that the issues whether *Lemmerman* recognized an admission-based exception to its general rule and whether *Guerra* was correctly decided need not be addressed because the facts of this case do not establish a sufficient admission to trigger such an exception, even if one exists. The grant of summary disposition should be affirmed on that basis, not merely because MCR 7.215(H)(1) requires that *Guerra* be followed.

LIMITATION OF ACTIONS — TORTS — CHILDHOOD SEXUAL ABUSE — REPRESSED MEMORY — ADMISSIONS BY DEFENDANT.

No admission-based exception exists to the general holding of *Lemmerman v Fealk*, 449 Mich 56 (1995), that neither the discovery rule nor the statutory grace period applicable to persons suffering from insanity extends the limitation period for bringing tort actions based on childhood sexual abuse allegedly delayed because of repression of memory of the assaults underlying the claims.

*Law Offices of Jeffrey H. Feldman, P.C.* (by *Paul L. Kaliszewski*), for the plaintiff.

*Michael J. Smith & Associates, P.C.* (by *Michael J. Smith* and *Richard S. Mroczka*), for Gerald Shirilla.

*Bodman, Longley & Dahling LLP* (by *Thomas Van Dusen*), for Archdiocese of Detroit, Archbishops Adam Maida, Thomas Gumbleton, and Edmund Szoka, Sacred Heart Parish, School, and Seminary, Our Lady of Loretto School, Rectory, and Parish.

ON REMAND, ON REHEARING

Before: CORRIGAN, C.J., and SAWYER and YOUNG, JR., JJ.

CORRIGAN, C.J. On remand from our Supreme Court for consideration as on rehearing granted, 458 Mich 860 (1998), we consider this case involving repressed memories of sexual abuse in light of *Guerra v Garratt*, 222 Mich App 285; 564 NW2d 121 (1997). In *Guerra*, this Court held that no admission-based exception existed to the general holding of *Lemmerman v Fealk*, 449 Mich 56, 76-77; 534 NW2d 695 (1995), that "neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions allegedly delayed because of repression of memory of the assaults underlying the claims." Following *Guerra*, as we are required to do by MCR 7.215(H)(1), we affirm the grant of summary disposition for defendants Archdiocese[1] under MCR 2.116(C)(7) because plain-

---

[1] "Defendants Archdiocese" refers collectively to the Archdiocese of Detroit, Archbishop Adam Maida, Archbishop Thomas Gumbleton, Archbishop Edmund Szoka, Sacred Heart Parish, Sacred Heart School, Sacred Heart Seminary, Our Lady of Loretto School, Our Lady of Loretto Rectory, and Our Lady of Loretto Parish. Any reference to "Archdiocese" is a reference to the Archdiocese of Detroit alone.

tiff's claims were barred by the statute of limitations. But for our obligation under MCR 7.215(H)(1) to follow *Guerra,* however, we would reverse and remand for consideration of the contention of defendants Archdiocese that they are entitled to summary disposition under MCR 2.116(C)(10) because they did not have knowledge or notice of defendant Gerald Shirilla's[2] behavior.[3]

I

Plaintiff commenced this action in 1993, alleging that defendant Shirilla, a priest, sexually assaulted him on numerous occasions beginning in 1972, when he was nine years old, and ending in 1981. In addition to claims of assault and intentional infliction of emotional distress against Shirilla, plaintiff asserted a claim of negligence against defendants Archdiocese. Plaintiff further alleged that he repressed the memory

---

[2] In our prior opinion in this case, we reversed the grant of summary disposition for defendant Shirilla and remanded for continued proceedings. We affirmed the grant of summary disposition for defendants Archdiocese because they did not have knowledge or notice of Shirilla's behavior. Defendant Shirilla did not seek leave to appeal the adverse decision to our Supreme Court.

[3] The Supreme Court's remand order provides in part:

If the Court of Appeals, after rehearing, sustains its earlier interpretation of *Lemmerman v Fealk,* 449 Mich 56 (1995), the Court is then to remand the case to the circuit court for consideration of the nonperpetrating defendants' claim of entitlement to summary disposition because of absence of knowledge or notice of the individual defendant's behavior. [*Demeyer v Archdiocese of Detroit,* 458 Mich 860, 861 (1998).]

Although we continue to adhere to our interpretation of *Lemmerman,* we cannot remand this case because we are obligated to follow *Guerra* under MCR 7.215(H)(1). This Court can remand this case only if it convenes a special panel and the panel agrees with our interpretation. MCR 7.215(H)(3)-(6).

of the abuse until October 1992, when he underwent counseling after his arrest for spousal abuse.

The Archdiocese referred Shirilla for a psychiatric examination after plaintiff first alleged the abuse in 1993. Under Archdiocesan policy, the Archdiocese removed Shirilla from his post and sent him for treatment because the examining psychiatrists determined that plaintiff's claims were well-founded. Shirilla's treatment included counseling and medication; he took Prozac to calm him and Depo Provera to curb his sex drive.

Defendant Shirilla admitted during his deposition that in 1978 he massaged plaintiff's chest and stomach while alone in plaintiff's bedroom. Aside from one other occasion where he either hugged plaintiff or shook his hand in the early 1980s, Shirilla denied any contact, sexual or otherwise, with plaintiff. Shirilla, however, also admitted massaging several other boys. The massages took place either in Shirilla's private quarters or the boys' bedrooms. Shirilla and some of the boys were clothed only in their underwear during the massages. Shirilla further acknowledged that a seminarian had accused him of sexual misconduct in·1973. Although the Archdiocese determined that the allegation was unfounded on the basis of the results of a psychological examination of Shirilla, it nonetheless removed him from the seminary. The Archdiocese ultimately reassigned Shirilla to the parish where he met plaintiff.

In 1995, defendants moved for summary disposition under MCR 2.116(C)(7) and (10) on the ground that plaintiff's claims were barred by the statute of limitations. The trial court granted the motion, reasoning

that plaintiff's claims were barred under *Lemmerman, supra*:

> *Lemmerman* and *Williford* dealt with alleged abuse by family members. This case deals with alleged abuse by a priest. The ages of the children were different; these children were younger at the time. The *Lemmerman* and *Williford* children were younger at the time of the alleged acts than was plaintiff in this matter.
>
> Also the *Demeyer* case has the added allegations of negligence by church authorities in failing to recognize defendant Shirilla's danger to young boys and in concealing that danger from parishioners or failing to remove defendant Shirilla from his pastoral duties.
>
> However, the *Lemmerman* decision deals not [w]ith those facts but with the knowledge of the wrongs that exist in the mind of the plaintiff even though repressed. The Supreme Court specifically and unequivocally ruled that neither the discovery rule nor the disability tolling statute are available to repressed memory claimants.

> \*      \*      \*

> This Court has read and reread the *Lemmerman* decision. I think I read it four or five times now and must find that it results in the clear conclusion that the *Demeyer* case is time barred and therefore will grant summary disposition.

II

Plaintiff argues that Shirilla's admission of improper contact with him removes this case from the holding in *Lemmerman*. We agree, but are required to hold otherwise by MCR 7.215(H)(1).

In *Lemmerman, supra* at 63-77, the Court considered the interests underlying the statute of limitations and generally concluded that neither the discovery rule nor the statutory grace period for insane persons applies in tort cases where the plaintiff claims that

repressed memory caused the delay in filing the complaint. The Court recited its general holding at the conclusion of part II of its opinion:

> We therefore hold that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions allegedly delayed because of repression of memory of the assaults underlying the claims. While the Legislature may ultimately resolve the threshold reliability question in favor of plaintiffs claiming repressed memories, neither device is presently available to extend the limitation period for repressed memory tort actions, even upon presentation of allegedly "objective and verifiable evidence" of a plaintiff's claim. [*Id.* at 76-77.]

The Court, however, *id.* at 77, inserted footnote 15 after the final sentence of the paragraph. The footnote provides:

> We do not address the result of those repressed memory cases wherein long-delayed tort actions based on sexual assaults were allowed to survive summary disposition because of the defendants' admissions of sexual contact with the plaintiffs when they were minors. [*Meiers-Post v Schafer*, 170 Mich App 174; 427 NW2d 606 (1988)]; *Nicolette v Carey*, 751 F Supp 695 (WD Mich, 1990). Such express and unequivocal admissions take these cases outside the arena of stale, unverifiable claims with which we are concerned in the present cases.

Two weeks after we issued our original unpublished opinion per curiam in this case on February 28, 1997 (Docket No. 189716), another panel of this Court decided *Guerra, supra. Guerra, supra* at 290-291, held that footnote 15 did not carve an exception to the general holding of *Lemmerman. Guerra* viewed the first sentence of the footnote as addressing the

retroactivity of *Lemmerman* and the second sentence as possibly creating an exception. The *Guerra* Court then declined to interpret the footnote as creating an exception because the *Lemmerman* Court repeatedly stated in the body of the opinion "its general holding that neither the discovery rule nor the statutory grace period for persons suffering from insanity extends the limitation period for tort actions delayed by alleged 'repressed memory' without suggesting any exception thereto other than legislative action." *Guerra, supra* at 291. The *Guerra* Court reasoned that the Supreme Court would have identified any exception in the body of the opinion, not a footnote.

We are required by MCR 7.215(H)(1) to follow *Guerra.* Accordingly, we affirm the grant of summary disposition for defendants Archdiocese under MCR 2.116(C)(7) because plaintiff's claims were barred by the statute of limitations.

III

If we were not obligated under MCR 7.215(H)(1) to follow *Guerra,* we would reverse and remand for consideration of defendants Archdiocese's contention that they are entitled to summary disposition because they did not have knowledge or notice of Shirilla's behavior.

*Guerra* correctly notes that *Lemmerman* repeatedly stated its holding in broad terms that would appear to foreclose an exception for cases containing admissions. The Supreme Court, however, elected in footnote 15 to address and distinguish claims supported by admissions. *Lemmerman* identified two cases where the defendant admitted sexual conduct with the plaintiff—*Meiers-Post* and *Nicolette.* In

*Meiers-Post, supra* at 182-183, the plaintiff alleged that she repressed memories of her four-year relationship with her then high school teacher. This Court held that the defendant's admission of the sexual relationship during his deposition provided sufficient corroboration that a sexual assault occurred. It, however, remanded the case for further factual development regarding whether the plaintiff actually repressed the memories. In *Nicolette, supra* at 698-700, the plaintiff alleged that she repressed memories of defendant sexually abusing her from the age of three to the age of thirteen. The United States District Court for the Western District of Michigan, following *Meiers-Post,* concluded that the plaintiff's claims were not barred by the statute of limitations because she presented sufficient evidence that she repressed the memories and submitted a letter signed by the defendant in which he discussed three of the four incidents of sexual contact he had with the plaintiff when she was a child.

*Lemmerman, supra* at 66, emphasized that in cases where the Court has applied the discovery rule it has "weighed the benefit of application of the discovery rule to the plaintiff against the harm this exception would visit on the defendant and the important policies underpinning the applicable statute of limitations." The Court further observed:

> Balancing is facilitated where there is objective evidence of injury and causal connection guarding against the danger of stale claims and a verifiable basis for the plaintiffs' inability to bring their claims within the statutorily proscribed limitation period. [*Id.* at 66-67.]

In footnote 15, the Court remarked that the "express and unequivocal admissions" in *Meiers-Post, supra,* and *Nicolette, supra,* "take th[ose] cases outside the arena of stale, unverifiable claims" involved in *Lemmerman. Id.* at 77. Thus, the Court recognized that the concern for reliable fact finding is not implicated in cases involving admissions to the extent that it is in cases predicated on other evidence because the likelihood of a factual dispute whether the abuse occurred is lessened.

In cases supported by admissions, courts are essentially asked to recognize memory repression as a verifiable basis for a person's inability to bring his claim within the limitation period. We conclude that the Supreme Court implicitly accepted this proposition in *Lemmerman.* See *Lemmerman, supra* at 80-82 (Weaver, J. concurring). Accordingly, were we to consider this issue as a matter of first impression, we would hold that repressed memory cases supported by admissions may fall outside *Lemmerman.* Under the reasoning of *Lemmerman, supra* at 74-76, the focus in determining whether to apply the discovery rule in those cases is on whether the court can be assured of reliable fact finding.

*Lemmerman* involved a case supported by an admission where the Court could not be assured of reliable fact finding. In *Lemmerman,* the plaintiff alleged that her father and aunt sexually and physically abused her for ten years, beginning in 1939 when she was three years old. She further alleged that when she confronted her father a year before filing suit in 1990, he apologized and said that God would not forgive him. Her father, however, died shortly before she commenced the action. The Court

concluded that the plaintiff could not invoke the discovery rule even though her claims were supported by an admission.

In this case, by contrast, we can be assured of reliable fact finding. Plaintiff alleged that Shirilla, among other instances of improper physical contact, "massage[d]" him. Shirilla admits massaging plaintiff's chest and stomach on one occasion, but denies sexually abusing him. He also admits physical contact with several other boys during the same period. In light of Shirilla's clear admission of conduct underlying plaintiff's claims, we conclude that this case falls outside *Lemmerman*. Combined with allegations of similar misconduct with the seminarian in 1973 and Shirilla's transfer from his post for treatment after plaintiff's allegations became public, this case does not involve stale and unverifiable claims such as those involved in *Lemmerman*. Whether Shirilla's conduct with plaintiff was sexual and whether the conduct harmed plaintiff are questions for the trier of fact. Accordingly, if we were not obligated to follow *Guerra*, we would hold that the trial court erred in granting summary disposition for defendants Archdiocese under MCR 2.116(C)(7).

Affirmed.

YOUNG, JR., J., concurred.

SAWYER, J. (*concurring*). I concur with the majority's decision to affirm the grant of summary disposition. However, unlike the majority, I do not do so only because we are obligated to follow the decision in *Guerra v Garratt*, 222 Mich App 285; 564 NW2d 121 (1997).

First, I am not convinced that our decision in *Guerra* was incorrect. However, I do not believe we need reach that issue because, in my view, even if there is, as the majority holds, an admission-based exception to the holding in *Lemmerman v Fealk*, 449 Mich 56; 534 NW2d 695 (1995), such an exception would not apply to the facts in the case at bar.

Even if I were to accept the position that repressed memory cases supported by an admission represents a situation in which a case may be brought despite the fact that the applicable limitation period has expired, the "admission" in the case at bar is not of a sufficient quality to trigger such an admission-based exception.

Defendant Shirilla's "admission" in this case hardly amounts to an admission to plaintiff's allegations. Plaintiff alleges that Shirilla sexually assaulted him on numerous occasions over the course of nine years, beginning when plaintiff was nine years old. Shirilla admitted that he massaged plaintiff's chest and stomach on one occasion when plaintiff was approximately fifteen years old. Other than having hugged plaintiff or shook his hand on one other occasion in the early 1980s, Shirilla denied any other physical contact with plaintiff.

I do not equate that as admitting either a sexual assault or ongoing sexual abuse over a period of nine years. Simply put, while Shirilla may have admitted engaging in questionable conduct on one occasion, he did not admit engaging in ongoing sexual abuse of plaintiff. By contrast, in *Meiers-Post v Schafer*, 170 Mich App 174; 427 NW2d 606 (1988), one of the cases identified in *Lemmerman* as falling under the potential admission-based exception, there was a strong

and direct admission by the defendant. In *Meiers-Post*, the plaintiff alleged an ongoing sexual relationship with the defendant while the plaintiff was a high school student and the defendant was a teacher. The defendant admitted engaging in sexual intercourse with the plaintiff on various occasions over an extended period.

Those facts stand in stark contrast to those in the case at bar where Shirilla admitted physical contact on two occasions, one having no sexual connotation and a second that may or may not have had a sexual purpose.

Simply put, I do not believe that the "admission" in the case at bar is of the quality necessary to trigger an admission-based exception even if such an exception is recognized under Michigan law.

Accordingly, I would decline to address the issues whether *Lemmerman* recognized an admission-based exception and whether *Guerra* was correctly decided. Rather, I would hold that the facts of the case at bar do not establish a sufficient admission to trigger such an exception even if one exists. Therefore, I would also affirm the trial court's grant of summary disposition, but not merely because I am obligated to do so under *Guerra*.