608 N.W.2d 810 (2000)
Declan DEMEYER, Plaintiff-Appellant,
v.
ARCHDIOCESE OF DETROIT, Archbishop Adam Maida, Archbishop Gumbleton, Archbishop Edmund Szoka, Sacred Heart Parish, Sacred Heart School, Sacred Heart Seminary, Our Lady of Loretto School, Our Lady of Loretto Rectory, Our Lady of Loretto Parish, Defendants-Appellees, and
Gerald Shirilla, Defendant.
Docket No. 114115, COA No. 189716.
Supreme Court of Michigan.
March 31, 2000.
On order of the Court, the application for leave to appeal from the January 19, 1999, decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
WEAVER, C.J, concurs and states as follows:
I agree with the decision to deny leave to appeal in this case because the Court of Appeals reached the correct result, albeit for the wrong reasons.
The Court of Appeals, in its opinion on remand, said that footnote fifteen of Lemmerman v. Fealk, 449 Mich. 56, 534 N.W.2d 695 (1995) only addressed the retroactivity of Lemmerman.[1] This interpretation is incorrect. At footnote 15 in Lemmerman, a majority of this Court stated that it did not reach the question whether the statute of limitations should be tolled by allegations of repressed memory in tort suits evolving from sexual assaults when the defendant had made express, unequivocal admissions of sexual conduct with the plaintiff.[2] Although led astray in its interpretation of footnote 15 in Lemmerman, the Court of Appeals nevertheless reached the correct result here.
In the instant case the defendant's admissions were not the sort of express, unequivocal admission of sexual conduct found in Meiers-Post v. Schafer, 170 Mich.App. 174, 427 N.W.2d 606 (1988), and Nicolette v. Carey, 751 F.Supp. 695 (W.D.Mich., 1990). Thus this case does not allow the court to consider the question expressly not resolved in Lemmerman, whether the statute of limitations should be tolled in those repressed memory tort cases, with actions based on sexual assaults, in which the defendant has made express and unequivocal admissions of sexual conduct with the plaintiff when the plaintiff was a minor.
MARILYN J. KELLY, J., concurs with the statement of WEAVER, C.J.
CORRIGAN and YOUNG, Jr., JJ., not participating.
NOTES
[1] It did so because it was required to follow Guerra v. Garratt, 222 Mich.App. 285, 564 N.W.2d 121 (1997).
[2] Footnote 15 reads as follows: "We do not address the result of those repressed memory cases wherein long-delayed tort actions based on sexual assaults were allowed to survive summary disposition because of the defendant's admissions of sexual conduct with the plaintiff when they were minors. Meiers-Post [v Schafer, 170 Mich.App. 174, 427 N.W.2d 606 (1988)]; Nicolette v. Carey, 751 F.Supp. 695 (W.D.Mich., 1990). Such express and unequivocal admissions take these cases outside the arena of stale, unverifiable claims with which we are concerned in the present cases."