638 A.2d 258

**Mary Anne Werner SETO, Appellant,**

**v.**

**Lee O. WILLITS, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1993.

Filed March 4, 1994.

Marc F. Lovecchio, Williamsport, for appellant.

Joseph D. Smith, Williamsport, for appellee.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

McEWEN, Judge.

This appeal has been taken from the judgment entered on June 4, 1993, in favor of the defendant, Lee O. Willits (hereinafter appellee), based upon the failure of the plaintiff, Mary Anne Seto (hereinafter appellant) to commence this action within the two-year period provided by the applicable statute of limitations set forth at Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524.[1] Since we find that the trial court properly concluded, as a matter of law, that the statute of limitations had expired prior to institution of this action, we affirm.

1. Section 5524 of the Judicial Code provides:

The following actions and proceedings must be commenced within two years:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter. As amended 1982, Dec. 20 P.L. 1409, No. 326, art. II, § 201, effective in 60 days.

42 Pa.C.S. § 5524.

Appellant filed a complaint against appellee on June 16, 1992, wherein she asserted causes of action for assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress based upon sexual assaults of appellant allegedly committed upon her by appellee during the summer of 1959 when she was nine years of age. Appellant persuasively argues that the discovery rule should apply to toll the statute of limitations in this case since

> during the course of these assaults against [appellant] by [appellee], [appellant's] personality split to the extent that she mentally blocked out the acts committed by [appellee] upon her. Because of mentally blocking out said acts, [appellant] did not know or have reason to know of [appellee's] acts or any damage that [appellee] inflicted upon her, until January of 1992, when [appellant's] personality splits first surfaced. At that time, in January of 1992, appellant was hospitalized in the Divine Providence Hospital's Mental Health Unit and diagnosed as suffering from multiple personality disorder and depression. Through psycho-pharmacological treatment and intensive insight-oriented psychotherapy, [appellant] first became aware of [appellee's] acts upon her.

The distinguished Judge Kenneth D. Brown granted the motion of appellee for summary judgment based upon his well-reasoned conclusion that the Pennsylvania appellate courts would refuse to recognize an exception to the settled principle that the statute of limitations is not tolled solely because a plaintiff is under a disability, even where the disability is insanity.[2] Thus, the issue for determination by

---

**2.** Section 5533 of the Judicial Code provides:

(a) **General rule.**—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.

(b) **Infancy.**—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As

this Court is whether the trial court properly found, as a matter of law, that the discovery rule was inapplicable to the instant action.

> Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in a light most favorable to the nonmoving party and must resolve all doubt against the moving party. *Carns v. Yingling*, 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991). A summary judgment can properly be entered in favor of a defendant where plaintiff's cause of action is barred by the statute of limitations. *Wible v. Apanowicz*, 306 Pa.Super. 262, 452 A.2d 545 (1982); *Washington v. Papa*, 24 Chest. 334 (1976); *Penn–Delco Union School District Authority v. M. & L. Construction Co.*, 60 Pa.D. & C.2d 226 (Del.Co. 1972).

> \* \* \* \* \* \*

> In applying the discovery rule, whether a plaintiff should have made a timely discovery of his or her injury is generally an issue for the jury unless the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury was unreasonable as a matter of law. In such cases, summary judgment may be entered by the court. *Carns v. Yingling, supra* 406 Pa.Super. at 285, 594 A.2d at 340. *See: McCain v. Montgomery Hospital*, 396 Pa.Super. 415, 423, 578 A.2d 970, 974 (1990), *allo. denied*, 527 Pa. 624, 592 A.2d 45 (1991).

*McD. v. Rosen*, 423 Pa.Super. 304, 308, 621 A.2d 128, 130 (1993).

Senior Judge Donald W. VanArtsdalen, of the United States District Court for the Eastern District of Pennsylvania, astutely addressed this very factual and legal proposition when he granted a similar motion for summary judgment, based on the expiration of the statute of limitations, filed by the defen-

---

used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

dant in *Baily v. Lewis,* 763 F.Supp. 802 (E.D.Pa.1991), and thereby rejected the argument of the plaintiff that the discovery rule had tolled the running of the limitations period since the plaintiff had psychologically repressed all memory of the sexual abuses committed upon him by the defendant. The court in *Baily* noted that:

> In *Johnson v. Johnson,* 701 F.Supp. 1363 (N.D.Ill.1988), Judge Plunkett noted that cases involving this issue have generally involved one of two fact patterns: (1) cases in which the plaintiff claims to have known about the sexual abuse at or before his or her majority, but did not realize that other physical and psychological problems were caused by the molestation (type 1 cases); and (2) cases in which the plaintiff alleges that he or she repressed the memory until shortly before he or she filed suit (type 2 cases). *Id.* at 1367.
>
> Courts in Indiana, Montana and California have declined to apply the discovery rule to type 1 cases. *See Hildebrand v. Hildebrand,* 736 F.Supp. 1512, 1521 (S.D.Ind.1990); *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817, 820 (1988); *DeRose v. Carswell,* 196 Cal.App.3d 1011, 1020, 242 Cal.Rptr, 368, 373 (6 Dist.1987). In all three of these cases, the courts focused on the fact that the plaintiffs admittedly were fully aware of the wrongful conduct but did not connect it to their subsequent problems. In such cases, the plaintiff is considered to have been on notice that he or she may have been injured and therefore under a duty to investigate possible causes of action. Under those circumstances, the courts reason, an application of the discovery rule would undercut the protection of the statute of limitations. *See Hildebrand,* 736 F.Supp. at 1521; *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d at 820; *DeRose,* 196 Cal.App.3d at 1017, 242 Cal.Rptr. at 371. In contrast, courts in North Dakota and Wisconsin have applied the discovery rule in type 1 cases, on the grounds that the emotional trauma suffered by abuse victims justifies tolling the statute where they knew of the abuse but did not understand its connection to later emotional and physical difficulties. *See Osland v. Osland,* 442 N.W.2d 907, 909

(N.D.1989); *Hammer v. Hammer,* 142 Wis.2d 257, 418 N.W.2d 23, 27 (1987).

A number of courts have applied the discovery rule to type 2 cases. In *Mary D. v. John D.,* 216 Cal.App.3d 285, 264 Cal.Rptr. 633 (Cal.App. 6 Dist.1989), *review dismissed, —— Cal.3d ——,* 275 Cal.Rptr. 380, 800 P.2d 858 (1990), the court held that where a minor victim of sexual abuse repressed the memory of the events while a minor as a direct result of the tortious conduct, "it would be most unfair to the plaintiff not to toll the statute" and accordingly applied the discovery rule to such a claim. *Id.,* 264 Cal. Rptr. at 638–639. In so doing, the court analogized to the minority tolling provision of the relevant statute of limitations, and reasoned that a person who has repressed the events giving rise to the cause of action is in the same position as a minor, in that he or she is not in a position to assert his or her rights. *Id.,* 264 Cal.Rptr. at 639.

The court in *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606 (1988), held that the statute of limitations can be tolled for a sexual abuse claim "if (a) the plaintiff can make out a case that she repressed the memory of the facts upon which her claim is predicated, such that she could not have been aware of rights she was otherwise bound to know, and (b) there is corroboration for plaintiff's testimony that the sexual assault occurred." *Id.,* 427 N.W.2d at 610. In reaching this conclusion the court stated that the claim would in effect fall under the insanity tolling provision of the relevant statute of limitations. *Id.,* 427 N.W.2d at 608, 610.

In *Johnson v. Johnson, supra,* the court reasoned that the Illinois Supreme Court would apply the discovery rule to a type 2 case, based on its conclusion that in applying the discovery rule the Illinois courts took equitable considerations into account "as strongly if not more strongly" than problems of proof. *Id.,* 701 F.Supp. at 1369–1370.

Still other courts have rejected the application of the discovery rule to type 2 cases as well as type 1 cases. In *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986), the Supreme Court of Washington refused to apply the discovery rule to

a type 2 case because of the risk of stale claims and the problems of proof that such cases would present. According to the court, "if [the court] applied the discovery rule to such actions, the statute of limitations would be effectively eliminated and its purpose ignored." *Id.* at 79, 727 P.2d at 229. The result in *Tyson* has, however, been overruled by statute. *See* Wash.Rev.Code ch. 144 S.S.B. No. 6305 (amending RCW 4.16–350 and adding a new section to RCW 4.16); *North Coast Air Services, Ltd. v. Grumman Corp.,* 111 Wash.2d 315, 759 P.2d 405 (1988). The court in *Lindabury v. Lindabury,* 552 So.2d 1117 (Fla.App. 3 Dist.1989) (per curiam), *cause dismissed,* 560 So.2d 233 (Fla.1990), affirmed the dismissal of a type 2 action on the grounds that it was time-barred without discussing whether the discovery rule might apply. In *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18 (1990), the Supreme Court of Nevada declined to apply the discovery rule to a type 2 case and instead ruled that "no existing statute of limitations applie[d] to bar the action of an adult survivor of [child sexual abuse] when it is shown by clear and convincing evidence that the plaintiff has in fact been sexually abused during minority by the named defendant." *Id.* 792 P.2d at 25.

\*　　\*　　\*　　\*　　\*　　\*

The Pennsylvania courts have been unwilling to allow the incapacity of a plaintiff to toll the statute of limitations. The existence of an insanity tolling provision has been pivotal to courts in other jurisdictions that have allowed plaintiffs in Baily's position to proceed. The Pennsylvania judicial code specifically provides, however, that "[e]xcept as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." 42 Pa.C.S. § 5533(a). Moreover, courts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent.

*Baily v. Lewis,* 763 F.Supp. 802, 805–808 (E.D.Pa.1991), *aff'd,* 950 F.2d 721, 722 (3d Cir.1991) (footnote omitted).

■ Similarly, this Court in *McD. v. Rosen, supra,* found the discovery rule inapplicable to toll the statute of limitations where the plaintiff contended that, while she had been aware of the sexual assaults, she was unaware of the impropriety of the defendant's acts. Our eminent colleague, Judge Donald E. Wieand, determined that the discovery rule was inapplicable by reason of the well-settled prohibition against consideration of " 'a plaintiff's mental incapacity as a factor to be considered in determining the reasonableness of plaintiff's diligence' ". *Id.* 423 Pa.Super. at 310, 621 A.2d at 131 (*quoting Barren by Barren v. United States,* 839 F.2d 987, 994 (3d Cir.1988) (Sloviter, J., concurring)). *See also: E.J.M. v. Archdiocese of Philadelphia,* 424 Pa.Super. 449, 622 A.2d 1388 (1993). Judge Wieand, in *McD. v. Rosen, supra,* found as do we, that the decision of the legislature to specifically preclude, in Section 5533 of the Judicial Code, any tolling of the statute of limitations during any period of insanity suffered by the plaintiff, precluded a finding by this Court that the statute could be tolled since "inclusion of a plaintiff's mental incapacity as a factor to be considered in determining the reasonableness of plaintiff's diligence runs counter to [the reasonable person standard]". *McD. v. Rosen, supra* at 310, 621 A.2d at 131, *quoting Barren by Barren v. U.S., supra.* Thus, we find ourselves barred, as did the court in *McD.,* by Sections 5501 and 5533 of the Judicial Code and prior pronouncements of our Supreme Court which clearly establish that the standard of reasonable diligence is an objective or external one which permits tolling of the statute *only* where "a reasonable [and mentally competent] person in the plaintiff's position would have been unaware of the salient facts." If there is to be any departure from the clear and certain pronouncement of prior case law and statute, it must be taken by our legislature or Supreme Court. Thus it is that we affirm the summary judgment entered in favor of appellee.

Judgment affirmed.