674 A.2d 1123

**Rosemary PEARCE and Thomas David Pearce, her Husband, Appellants,**

v.

**The SALVATION ARMY, a Corporation and Walter W. Crouch.**

Superior Court of Pennsylvania.

Argued Feb. 29, 1996.

Filed April 17, 1996.

Robert A. Cohen, Pittsburgh, for appellants.

Lee A. Rosengard, Philadelphia, for The Salvation Army, appellee.

Joseph J. D'Alba, Erie, for Crouch, appellee.

Before CIRILLO, President Judge Emeritus, and SAYLOR and EAKIN, JJ.

CIRILLO, President Judge Emeritus:

Rosemary Pearce and her husband, Thomas David Pearce, appeal from an order of the Court of Common Pleas of Westmoreland County granting preliminary objections filed by appellees, the Salvation Army and Walter W. Crouch. We affirm.

Rosemary Pearce and Thomas David Pearce filed an action seeking damages for assault and battery[1] as a result of a course of conduct which spanned a period of four years. The complaint alleged that during that time period, between June of 1969 and December of 1973, when Rosemary was between the ages of twelve and sixteen, she was sexually assaulted by Walter W. Crouch, then an agent of the Salvation Army. The action was initiated in January of 1995, over twenty-one years after the last event alleged.

The Salvation Army and Crouch filed preliminary objections[2] raising the statute of limitations as an affirmative defense. The trial court granted the preliminary objections

1. The parties stipulated that Thomas Pearce's loss of consortium claim was not actionable.

2. The parties stipulated that the affirmative defense raised in preliminary objections could be considered on a case stated basis. Procedurally, the affirmative defense of the statute of limitations is properly pleaded in new matter, Pa.R.C.P. 1030, and not in preliminary objections. *See* Pa.R.C.P. 1028(a)(1) (preliminary objections are limited to lack of subject matter or personal jurisdiction, improper venue or improper form of service of a writ of summons or complaint); *see also* Note, Pa.R.C.P. 1028 (The defense of the bar of a statute of frauds can be asserted only in a responsive pleading as new matter under Rule 1030.).

and appellants filed this appeal. One issue is presented for our review:

Was this action filed within the applicable two year statute of limitations, as extended by operation of the discovery rule?

An action raising assault and battery must be commenced within two years. *See* 42 Pa.C.S.A. § 5524.[3] Pearce argues that her recollection of the traumatic assaults was repressed and that it was not until 1994 that her memory of the events was revived in therapy. Pearce maintains, therefore, that the discovery rule should apply to toll to the statute of limitations.

3. In 1978, the Judicial Code was amended in order to codify existing law precluding extension of the statute based on infancy, insanity and imprisonment. *See* 42 Pa.C.S.A. § 5533. In 1984, section 5533 was amended to provide that a minor, upon attaining the age of eighteen, had the full statutory period in which to commence an action. 42 Pa.C.S.A. § 5533(b). Section 5533(b) provides:

§ 5533. **Infancy, insanity or imprisonment**
(a) **General rule.**—Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter.
(b) **Infancy.**—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18.

As amended 1984, May 30, P.L. 337, No. 67, § 1, effective in 30 days. The amendment became effective on June 30, 1984; it is not retroactive to actions which accrued prior to its effective date. Here, the action accrued in 1973, and the limitation period expired in 1975. This section, therefore, cannot be applied retroactively to revive this action. *See Larthey by Larthey v. Bland,* 367 Pa.Super. 67, 532 A.2d 456, *appeal denied,* 518 Pa. 656, 544 A.2d 1343 (1987) (where this section was not effective until five years after minor's cause of action had accrued and three years after limitations period had run on the cause of action, it could not be used to revive an action commenced on behalf of a minor); *Lewis v. City of Philadelphia,* 360 Pa.Super. 412, 520 A.2d 874 (1987) (minor injured prior to effective date of this section and whose claims were time barred prior to effective date of this section could not rely on this section to revive the barred claim). Even if the amendment were to apply here, it would not aid in reviving the action; the amendment

658

■ The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until that point when "the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Redenz by Redenz v. Rosenberg,* 360 Pa.Super. 430, 434, 520 A.2d 883, 885, *allocatur denied,* 516 Pa. 365, 533 A.2d 93 (1987). The limitations period begins to run when the injured party "possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." *A. McD. v. Rosen,* 423 Pa.Super. 304, 308, 621 A.2d 128, 130 (1993) (quoting *Zeleznik v. United States,* 770 F.2d 20, 23 (3d Cir.1985)).

> Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law. *Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991).

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1042–43 (1992).

The case of *Seto v. Willits,* 432 Pa.Super. 346, 638 A.2d 258, *alloc. denied,* 538 Pa. 648, 647 A.2d 902 (1994), is dispositive of the issue of whether the discovery rule is applicable in the context of a sexual abuse case where repression or other mental disability is alleged. In that case, Mary Anne Werner Seto filed a complaint against defendant, Lee O. Willits, asserting causes of action for assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. These claims were based

would have extended the limitation period to 1977, and the complaint was not filed until 1995.

upon sexual assaults allegedly committed upon her by Willits during the summer of 1959. At that time of the alleged assaults, Seto was nine years old.

Seto argued that the discovery rule tolled the two year statute of limitations. Seto contended that, due to the assaults, her personality "split to the extent that she mentally blocked out the acts," and that she "did not know or have reason to know of [Willits'] acts or any damage that [Willits] inflicted upon her, until January of 1992, when her personality splits first surfaced." *Id.* at 348, 638 A.2d at 259.

In resolving this claim, a panel of this court held that the discovery rule did not toll the statute of limitations period for an action based upon sexual abuse of a minor, even though plaintiff alleged that she had repressed the memory of the sexual abuse. *Id.* at 352–53, 638 A.2d at 261–62. The *Seto* court relied upon a federal district court decision, *Baily v. Lewis,* 763 F.Supp. 802 (E.D.Pa.1991), as well as this court's recent decision in *McD. v. Rosen,* 423 Pa.Super. 304, 621 A.2d 128 (1993).

The federal court in *Baily* rejected the discovery rule argument under facts similar to *Seto.* The court reasoned:

> The Pennsylvania courts have been unwilling to allow the incapacity of a plaintiff to toll the statute of limitations. The existence of an insanity tolling provision has been pivotal to courts in other jurisdictions that have allowed plaintiffs in Bailey's position to proceed. The Pennsylvania [J]udicial [C]ode specifically provides, however, that "[e]xcept as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter." 42 Pa.C.S. § 5533(a). Moreover, courts applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent.

*Id.* at 805–808, *affirmed* 950 F.2d 721, 722 (3d Cir.1991) (footnote omitted).

In *McD.*, a panel of this court reached the same result. The court held that the discovery rule was inapplicable to toll the limitations period where the plaintiff contended that, while she had been aware of the sexual assaults, she was unaware of the impropriety of the defendant's acts. The court found that "reasonableness" was the applicable standard in determining the plaintiff's diligence in pursuing the claim, and that the discovery rule, therefore, was inapplicable due to the well settled prohibition against consideration of " 'a plaintiff's mental incapacity as a factor to be considered in determining the reasonableness of plaintiff's diligence.' " *Id.* at 310, 621 A.2d at 131 (quoting *Barren by Barren v. United States,* 839 F.2d 987, 994 (3d Cir.1988) (Sloviter, J. concurring)). *See also E.J.M. v. Archdiocese of Philadelphia,* 424 Pa.Super. 449, 457–59, 622 A.2d 1388, 1393 (1993) (Pennsylvania law does not permit the tolling of a statute of limitations on account of an incapacity of the particular plaintiff which allegedly impaired his or her ability to discover the injury or its cause); *see generally Use of the Discovery Rule in Cases of Alleged Child Sexual Abuse: Does the Statute of Limitations Ever Run?,* 28 Duq.L.Rev. 777 (Summer, 1990).

In sum, the *Seto* court, like the *McD.* court, was precluded by statute from applying the discovery rule. Likewise, we are bound in this case. The legislature, in enacting sections 5501 and 5533 of the Judicial Code, pronounced that mental incapacity, whether by virtue of a diagnosed mental illness such as multiple personality disorder, or repression, does not operate to extend the limitation period because a "reasonable" person would have discovered the injury.[4]   A

4. Other jurisdictions have declined to apply the discovery rule to toll the running of the statute of limitations on a suit despite the plaintiff's allegedly or actually having repressed or suppressed knowledge of the cause of action. *See, e.g., DeRose v. Carswell,* 196 Cal.App.3d 1011, 242 Cal.Rptr. 368 (6th Dist.1987); *Johnson v. Johnson,* 701 F.Supp. 1363 (N.D.Ill.1988) (applying Illinois law); *E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817 (1988); *Schmidt v. Bishop,* 779 F.Supp. 321 (1991) (applying New York law); *Lovelace v. Keohane,* 831 P.2d 624 (1987); *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986); *Meiers–Post v. Schafer,* 170 Mich.App. 174, 427 N.W.2d 606 (1988); *Doe v. R.D.,* 308

question arises, however, as to whether it is appropriate to utilize this standard when a mental incapacity is averred as the reason for delayed discovery of an injury. It is not for this court to decide whether a plaintiff who alleges repression or other mental disability had the ability to know of the injury and its cause. As the *Seto* court stated, "[i]f there is to be any departure from the clear and certain pronouncement of prior case law and statute, it must be taken by our legislature or Supreme Court." *Seto*, 432 Pa.Super. at 353, 638 A.2d at 262. We must defer to their wisdom.

Affirmed.

S.C. 139, 417 S.E.2d 541 (1992); *Whatcott v. Whatcott*, 790 P.2d 578 (Utah App.1990).

A recent decision in New Jersey, however, has held in favor of the plaintiff on this issue. *See Jones v. Jones*, 242 N.J.Super. 195, 576 A.2d 316, *certif. denied* 122 N.J. 418, 585 A.2d 412 (1990). There, the plaintiff alleged that her father repeatedly abused her sexually for over ten years, beginning when she was eleven years old. The operative statute provided in part that if a person is insane at the time the cause of action accrues, such person may commence the action within such as statutorily limited after "coming ... of sane mind." (N.J.S.A. 2A:14–21). The court, satisfied that the mental trauma resulting from a pattern of sexual abuse may constitute insanity under the statute, reversed summary judgment.