

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-4-2007

# Cooney v. Booth

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1972

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cooney v. Booth" (2007). *2007 Decisions.* Paper 1815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1972
_____

ELEANOR M. COONEY, AS EXECUTRIX OF THE
ESTATE OF DANIEL T. COONEY, JR., DECEASED;
ELEANOR SCHIANO; HELEN E. COONEY MUELLER;
DANIEL T. COONEY, III; ROBERT COONEY, INDIVIDUALLY,

Appellants

v.

ROBERT E. BOOTH, JR., M.D.;
ARTHUR R. BARTOLOZZI, M.D.;
3B ORTHOPAEDICS, P.C. / PENN ORTHOPAEDICS;
3B ORTHOPAEDICS / PENN ORTHOPAEDICS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-01272)
District Judge:  Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2006

Before:  FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,* *District Judge*.

(Filed:  January 4, 2007)

_____

_____

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

_____

BUCKWALTER, *District Judge*.

In this appeal, we consider whether the United States District Court for the District of New Jersey erred in granting Defendants' Motion for Summary Judgment based on collateral estoppel and Pennsylvania's statute of limitations, 42 Pa. C.S.A. § 5524(a)(7). For the reasons stated below, we will affirm the judgment of the District Court.

**I.**

The Court recognizes that the parties are well-versed in the facts and procedural history of this matter, and therefore only those facts necessary to our analysis are set forth below. The present action stems from a medical malpractice action filed by Plaintiffs/Appellants in November of 1999. Plaintiffs filed the original medical malpractice action after the death of Daniel T. Cooney, Jr. ("Cooney") following knee replacement surgery. In the initial action, Plaintiffs claimed Defendants/Appellees Robert E. Booth, Jr., M.D. ("Booth") and Arthur R. Bartolozzi, M.D. ("Bartolozzi") committed failure to obtain informed consent, medical negligence, fraud and intentional misrepresentation, consumer fraud, intentional infliction of emotional distress, and battery.[1] Specifically, Plaintiffs alleged that after Cooney's knee replacement surgery, his

_____

[1]Several other physicians were initially named in the cause of action. Prior to trial, Dr. Bartolozzi and another doctor defendant, Dr. Nazarian, were granted summary judgment, and all other Defendants with the exception of Dr. Booth were voluntarily dismissed. The case therefore went to trial as against Dr. Booth only, and the issues tried were reduced to medical malpractice, failure to obtain informed consent, and battery.

foot became discolored and his pulse was not palpable, which in turn required another operation in order to restore blood flow, and subsequent complications led to Cooney's death. The action was heard in the Eastern District of Pennsylvania before the Honorable Eduardo C. Robreno. Prior to trial, counsel for Defendant Booth submitted a motion in limine seeking to preclude Plaintiffs from making any references during the course of the trial to the alleged investigation of Booth for Medicare fraud. This motion was unopposed by Plaintiffs and granted by Judge Robreno. On March 21, 2001, the jury returned a verdict in favor of Defendant. This Court affirmed the Eastern District of Pennsylvania's judgment on February 12, 2002, and denied Plaintiffs' later request for reconsideration.

On June 12, 2002, Plaintiffs filed a motion to set aside the judgment and/or grant a new trial, alleging Defendants Booth and Bartolozzi committed perjury or fraud by giving contradictory testimony regarding who actually performed portions of Cooney's surgery. Plaintiffs also alleged to have obtained newly discovered evidence that Defendants were committing medical fraud as a result of Booth having withheld information of a pending investigation for Medicare fraud when he was deposed in the malpractice case. Plaintiffs claimed that this in turn prevented them from fully and fairly presenting their case at trial. Judge Robreno denied Plaintiffs' motion on January 31, 2003, and subsequently denied Plaintiffs' motion for recusal and motion for reconsideration on May 13, 2003, and June 5, 2003, respectively. This Court later affirmed the Eastern District of Pennsylvania's decisions.

3

On March 18, 2004, Plaintiffs commenced the present action in the District of New Jersey seeking to set aside the March 2001 judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiffs allege legal and equitable fraud on the part of Defendants as a result of them concealing that Booth had been investigated for Medicare fraud prior to the malpractice trial and for concealing Bartolozzi's participation in Cooney's surgery. At oral argument, the District of New Jersey specifically questioned Plaintiffs on the relationship of the present fraud claims to those previously asserted. Plaintiffs' counsel agreed that the fraud claims in this action were in fact the same exact claims previously alleged and argued in Plaintiffs' June 12, 2002 motion to set aside the judgement and/or grant a new trial. Plaintiffs' counsel claimed that there was no final judgment of these claims and therefore Plaintiffs were not barred from pursuing this separate complaint. Despite Plaintiffs' assertions, the Honorable Jose L. Linares of the District of New Jersey granted Defendant's motion for summary judgment based on collateral estoppel and the statute of limitations.

## II.

Plaintiffs/Appellants now claim that the District of New Jersey's judgment in favor of the Defendants must be reversed and Appellants are entitled to summary judgment. Specifically, Appellants argue that res judicata does not apply as being contrary to F.R.C.P. 60(b) and Pennsylvania's statute of limitations was improperly applied both jurisdictionally and substantively. This Court disagrees and finds that the District Court

4

properly granted summary judgment in favor of Defendants on grounds of collateral estoppel and Pennsylvania's statute of limitations.

## III.

The doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating issues already decided in a previous cause of action. Under Pennsylvania law, collateral estoppel applies when: (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior adjudication. *Capek v. Devito*, 767 A.2d 1047, 1051 (Pa. 2001) *(citing Safeguard Mutual Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975))*.

In the present case, Appellants base their argument on the claim that the District of New Jersey believes fraud and fraud on the court to be one and the same. Appellants argue that the independent action for legal and equitable fraud asserted here has not reached final judgment on the merits, and therefore the District of New Jersey erroneously determined res judicata. Appellants' argument is flawed in that the District of New Jersey's granting of summary judgment to Defendants was based on collateral estoppel and not res judicata. Collateral estoppel is analogous to issue preclusion, while res judicata is analogous to claim preclusion. This Court agrees with the District of New Jersey in that it is of no consequence that the fraud claims themselves are argued to be in

5

fact different; the issue is whether the *issues* now presented meet the four-pronged test for collateral estoppel, thus barring Appellants from relitigating those issues.

When applying the test, there is overwhelming evidence indicating that Appellants' legal and equitable fraud claim is barred by collateral estoppel. Beginning with the first prong, there is no doubt that the present issue is identical to an issue previously asserted. In the initial medical malpractice action tried in the Eastern District of Pennsylvania, Appellants filed a motion to set aside judgments and/or grant a new trial claiming Defendants Booth and Bartolozzi committed fraud, perjury, and battery against Appellants, and fraud and perjury against the court, by concealing Booth's alleged Medicare fraud investigation and Bartolozzi's involvement in Cooney's knee replacement surgery. That motion was denied on January 31, 2002. In the present action, on appeal from the District of New Jersey, Appellants claim Defendants Booth and Bartolozzi committed legal and equitable fraud by concealing Booth's Medicare fraud investigation and Bartolozzi's involvement in Cooney's surgery. The issues are clearly identical. They revolve around the same parties, involve the same facts, and allege the same injury. Furthermore, Appellants' counsel even agreed that the claims were exactly the same when questioned by the District of New Jersey at oral argument. It is therefore the opinion of this Court that the first prong of Pennsylvania's collateral estoppel test is satisfied because the issue decided in the prior adjudication is identical to the one presented here.

The second prong of collateral estoppel analysis is also satisfied because the issue previously litigated achieved final judgment on the merits. The Eastern District of

6

Pennsylvania denied Appellants motion to set aside judgment and/or a new trial, specifically finding that any inconsistent testimony relating to Bartolozzi's involvement in Cooney's surgery does not amount to fraud and is not proof of perjury. It is also apparent that the Eastern District of Pennsylvania considered the alleged concealment of Booth's Medicare fraud investigation in reaching the decision to deny Appellants' claims. The court revisited the claims in denying Appellants motion for reconsideration on June 5, 2003. On appeal, this Court affirmed the Eastern District of Pennsylvania's judgment, specifically agreeing that the allegation of fraud against the court was without merit, and considering and finding all of Appellants' other arguments to be unpersuasive. It is therefore clear that there was a final judgment on the merits of Appellants' initial claims of fraud, perjury, and battery.

In regards to the third and fourth prongs of collateral estoppel analysis, there is no doubt that Appellants were the party in the original medical malpractice action and had a full and fair opportunity to litigate the issue in question. The Eastern District of Pennsylvania accepted Appellants' factual allegations as true in deciding their motion to set aside judgment and/or grant a new trial, and the court clearly considered all of Appellants' arguments. Furthermore, as stated, this Court considered all of Appellants' arguments on appeal and found them to be unpersuasive. Therefore, all four prongs have been met, and the District of New Jersey properly granted summary judgment in favor of the Defendants based on collateral estoppel.

**IV.**

7

In addition to contesting the District of New Jersey's ruling on collateral estoppel grounds, Appellants claim the Court erred in concluding that their claims were barred by the applicable statute of limitations. When a conflict of law exists—differing statutes of limitations in this case—the court must determine which state's law is most appropriate for the given case. This analysis is commonly known as the governmental interest approach. The court determines "first the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction." *Henry v. Richarson-Merrell, Inc.*, 508 F.2d 28, 32 (3d Cir. 1973). In weighing each state's contacts with the parties and litigation, the court determines which law to apply based on the qualitative, not quantitative, nature of those contacts. *Veazey v. Doremus*, 103 N.J. 244, 247 (1986).

Appellants claim that the District of New Jersey erred in applying Pennsylvania's, rather than New Jersey's, statute of limitations. Appellants state that New Jersey provides for a six year statute of limitations for tortious conduct, while Pennsylvania imposes a two year period, and therefore their claims are not time barred under New Jersey law. Appellants support this claim by arguing that New Jersey case law imposes a strong policy of applying New Jersey law, regardless of where the conduct occurred, for tort actions where the injured party is domiciled in New Jersey. This Court, however, is of the belief that while the injured party's domicile is certainly a strong factor to consider, it must be weighed accordingly with the other significant interests of each state. In this case, the District of New Jersey conducted a thorough analysis of the interests of both

8

states before properly applying Pennsylvania law.  Cooney may have been domiciled in

New Jersey, but the alleged cause of action in this case arose in Pennsylvania, Cooney's

treatment took place in Pennsylvania, the litigation of Appellants' initial action where the

alleged fraud took place was in Pennsylvania, and Pennsylvania has a substantial interest

in deterring the misconduct alleged to have occurred in a Pennsylvania court.  After

weighing the interests of both states, this Court agrees with the District of New Jersey that

Pennsylvania's statute of limitations is most appropriate.

Appellants next argue that even if Pennsylvania law is applicable, the "discovery

rule" should have tolled Pennsylvania's statute of limitations, thus making their claims

timely.  Pennsylvania imposes a two (2) year statute of limitations on tortious conduct,

including deceit or fraud.  42 Pa. C.S.A. §5524(a)(7).  The discovery rule is "a judicially

created device which tolls the running of the applicable statute of limitations until that

point when 'the plaintiff knows or reasonably should know:  (1) that he has been injured,

and (2) that his injury has been caused by another party's conduct.'" *Pearce v. Salvation

Army*, 449 Pa. Super. 654, 658 (1996) (quoting *Redenz by Redenz v. Rosenberg*, 360 Pa.

Super. 430, 434 (1987)).  Under the discovery rule, "the statute of limitations begins to

run on the first date that the injured party possesses sufficient critical facts to put him on

notice that a wrong has been committed and that he need investigate to determine whether

he is entitled to redress." *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985).

In the present case, Appellants claim that the statute of limitations should be

tolled because Appellants did not have knowledge of Booth's involvement in the

9

Medicare fraud investigation until June, 2002.  However, as the District of New Jersey properly concluded, the issue is not when Appellants had actual knowledge of the alleged fraud.  Rather, the issue is when Appellants possessed sufficient critical facts to put them on notice of a wrong and the need to investigate further.  *Id*. at 23.  The evidence is clear that sufficient critical facts existed long before June, 2002.  Appellant testified that she received information relating to Booth being investigated for Medicare fraud as early as October, 2000.  Furthermore, Appellants were again put on notice of a potential fraud claim when Defendants submitted a motion in limine requesting that no references be made to the alleged Medicare fraud investigation of Booth.  Clearly Appellants were in possession of the critical facts necessary to prompt a further investigation of their fraud claims well before the two year statute of limitations period expired.  There is simply no basis for application of the discovery rule here.

The other arguments presented by Appellants on appeal of the District of New Jersey's ruling on the discovery rule and Pennsylvania's statute of limitations are unpersuasive.  Therefore, it is this Court's opinion that the District of New Jersey properly time barred Appellant's claims.

## V.

This Court need not consider Appellants' arguments addressing the merits of the actual fraud claim itself.  Not only is this claim time barred, but as previously discussed, it was already considered by this Court on a prior appeal and Appellants are estopped from

relitigating the issue.  For the foregoing reasons, the judgment of the District Court in granting Defendants' Motion for Summary Judgment will be affirmed.